OPINION OF THE COURT
Herman Cahn, J.
This is an application by petitioners for a judgment pursuant to CPLR article 78 (1) declaring unlawful respondents’ *1066 actions in assigning to lay personnel certain duties required to be performed by the Chief Medical Examiner of the City of New York (CME), sections 17-202 and 17-203 of the Administrative Code of the City of New York require that said duties be performed by duly licensed physicians; and (2) enjoining respondents temporarily and permanently from continued violation of the Code.
Petitioner Doctors Council is the collective bargaining representative of physicians employed by the City of New York, including those in the office of the respondent Charles S. Hirsch, M.D., Chief Medical Examiner; petitioner Barry Liebowitz, M.D., appears individually and as president of Doctors Council.
Injunctive relief is sought to prevent respondents from assigning certain Medical Examiner duties relating to the investigation and examination of dead bodies to paraprofessionals, called "Medicolegal Investigators” who are not licensed physicians.
THE FACTS
The office of the Chief Medical Examiner in the City of New York is responsible for investigating deaths occurring in certain circumstances, including deaths resulting from natural, accidental, or undetermined causes. (NY City Charter § 557 [fj.) The police are required to report any such death to the CME. Upon receiving such a report, the Chief Medical Examiner, a subordinate Medical Examiner or a medical investigator is required by law to "take charge of the dead body” and to "investigate the essential facts concerning the circumstances of the death”. (Administrative Code § 17-202 [a].)
In practice, CME advises that these tasks have usually been performed by physicians retained on a per diem basis. Said physicians were "on call”, and would report to the scene of death when called. The system is less than satisfactory since the response time of said physicians is often unpredictable and excessively long. CME further complains that the examinations they perform are often shoddy and the required written reports are inadequate. In cases of natural death required to be investigated by CME, the speed and predictability of the response time is extremely important, since the families and friends of the deceased are not able to arrange funerals until the investigation required by law has taken place. A difficult crisis in a family’s life can be made more difficult and much *1067 more traumatic by the unnecessary delay. In all cases, it is extremely important that there be accurate and timely reports.
In an effort to remedy these problems, CME has assigned some of these tasks to specially trained nonphysicians who have been appointed to a new position. In order to be eligible to fill these positions, the candidate must have either National Board certification or State registration as a physician’s assistant, plus several years’ experience in that title, or have a registered nurse’s license plus four years’ experience. In addition, CME itself conducts a training program for candidates for the position, which program includes classroom instruction, field observation and training with experienced investigators.
The program is modeled upon a similar program which has been operating in Suffolk County for 12 years. It was initiated in this city on a pilot basis in 1989, and is said to have greatly improved the response times, death scene investigations and reports and examination of bodies.
Proposed legislation to permit the CME functions discussed herein, to be performed by the new appointees (who would be designated Medicolegal Investigators) was introduced in the City Council, in 1989. A public hearing was held, at which many speakers supported the legislation; however, the Council took no action on the bill. No new legislation has been introduced in 1990.
Respondents do not deny that CME has been assigning said Medicolegal Investigators to perform investigating duties in certain preliminary death investigations which previously were performed by licensed physicians.
THE LAW
Sections 17-202 and 17-203 of the Administrative Code and section 557 of the New York City Charter require the investigation and certification of death to be the duty of CME. Section 557 (c) of the City Charter requires that "[t]he medical investigators shall be physicians duly licensed to practice medicine in the state of New York”. Thus, the City Charter and Administrative Code §§ 17-202 and 17-203 limit the authority to perform these duties to licensed physicians.
It appears that physicians employed by the office of Medical Examiner of the City of New York have been relegated to the duty of signing off on investigations of the cause of death, *1068 without having performed an investigation themselves. This is clearly contrary to the terms of the statute. Although the court itself may agree that the proposed changes are beneficial and would constitute an improvement over present practice, it cannot permit the change to be made by simple administrative action. The change can only be brought about by legislative action. In the absence of such action, it must be enjoined.
By this decision, the court does not intend to rule that a properly appointed "medical investigator” or other "medical examiner” may not have a properly trained assistant assist in the performance of his or her duties. However, said assistant would have to be responsible to a specific "medical investigator or examiner”, who would be personally responsible for every stage of the proceeding and investigation.
Accordingly, the application is granted.